**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**BALTIMORE DIVISION**

| | |
|---|---|
| GIOVANNA FUMORALA, | ) Case No.: |
| | ) |
| Plaintiff, | ) |
| | ) **JURY TRIAL DEMANDED** |
| v. | ) |
| | ) |
| ABSOLUTE RESOLUTIONS CORP. and | ) |
| ABSOLUTE COLLECTIONS CORP., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

GIOVANNA FUMORALA ("Plaintiff"), by her attorneys, Kimmel & Silverman, P.C., alleges the following against Defendant ABSOLUTE RESOLUTIONS CORP. and ABSOLUTE COLLECTIONS CORP. ("Defendants"):

### INTRODUCTION

1.     Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*, the Maryland Consumer Debt Collection Act, MD Code § 14-201 *et. seq.* and Maryland common law.

### JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.      Supplemental jurisdiction of the United States District Courts, for the Maryland state law claims arise pursuant to 28 U.S.C. § 1367.

4.      Defendant does business in the State of Maryland and therefore, personal jurisdiction is established.

5.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

6.      Plaintiff is a natural person residing in Cockeysville, Maryland.

7.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3)..

8.      Defendant Absolute Resolutions Corp. is a company specializing in debt collection with its principal place of business located at 6602 El Cajon Blvd., Suite 200, San Diego, California 92115.

9.      Defendant Absolute Collections Corp. is also a company specializing in debt collection with its principal place of business located at 6602 El Cajon Blvd., Suite 200, San Diego, California 92115.

10.      Defendants are "debt collectors" as that term is defined by 15 U.S.C. §1692a(6); and are "collectors" as the term is defined by MD Code § 14-201(b).

11.      Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

12.      At all relevant times, Defendants were acting in concert to collect an alleged consumer debt from Plaintiff as the term is defined by the FDCPA at 15 U.S.C. § 1692a(5).

- 2 -

13.     Plaintiff has no business debt, and therefore is certain that the alleged debt arose out of transactions which were primarily for personal, family, or household purposes.

14.     Between November 2011 and February 2012, Defendants' collectors made repeated harassing telephone calls to Plaintiff's home and cellular telephones regarding the alleged debt.

15.     Additionally, Defendants' representatives made a series of embarrassing and invasive calls to Plaintiff's friends and family members.

16.     Defendant's calls originated from numbers, including but not limited to (619) 295-1200.  The undersigned has confirmed that these numbers belong to Defendants.

17.     Defendants called Plaintiff at least three (3) times in a single day in various instances.

18.     On numerous occasions in or around December 2011 and January 2012, Defendants' collectors falsely informed Plaintiff that she had committed a crime by failing to pay a debt, and stated that Defendants would see it that Plaintiff go to jail.

19.     On at least one occasion, Defendants' collector "Kerry" (phonetic) informed Plaintiff that he would seize the business for which she is employed, despite the fact that Plaintiff has no ownership in said business.

20.     Defendants never informed Plaintiff the origin of the alleged debt.

21.     Additionally, during several of its contacts to Plaintiff, Defendants failed to inform Plaintiff that the communications were from a debt collector.

22.     During the month of November 2011, Defendants' collectors called several of Plaintiff's former and current family members, in order to humiliate Plaintiff and coerce her into paying the alleged debt, regardless of its validity.

PLAINTIFF'S COMPLAINT

23.    These current and former family members include Plaintiff's mother and father, Plaintiff's sister, Plaintiff's ex-brother-in-law, and the ex-in-laws of Plaintiff's sister.

24.    Defendants' collectors have contacted at least one friend of Plaintiff, with whom Plaintiff has not spoken in several years.

25.    Defendants' collectors informed Plaintiff's family and friend(s) that Plaintiff was a bill collector and Plaintiff failed to pay her bills.

26.    Additionally, in or around December of 2011, Defendant's collectors informed Plaintiff's mother that Plaintiff would go to jail, if Plaintiff did not immediately pay her debt.

27.    Defendants' collector(s) informed Plaintiff that the calls to Plaintiff's friends and relatives would persist until Plaintiff paid off her alleged debt.

28.    These calls to Plaintiff's family and friends caused her serious fear, anxiety and humiliation.

29.    Defendants' actions as described herein were made with the intent to harass, abuse, and coerce payment from Plaintiff.

30.    Additionally, Defendants' conduct invaded Plaintiff's privacy, publicly disclosed Plaintiff's private facts and intentionally inflicted emotional distress upon Plaintiff.

## COUNT I
## DEFENDANTS VIOLATED THE § 1692b(2) OF
## FAIR DEBT COLLECTION PRACTICES ACT

31.    Section 1692b(2) of the FDCPA states that a debt collector shall not state that a consumer owes a debt to a third party.

32.    Defendants violated § 1692b(2) of the FDCPA when they discussed Plaintiff's debt to her friends and relatives.

PLAINTIFF'S COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**COUNT II**
**DEFENDANTS VIOLATED THE § 1692c(b) OF**
**FAIR DEBT COLLECTION PRACTICES ACT**

33.     Section 1692c(b) of the FDCPA states that a debt collector shall not state that a consumer owes a debt to a third party except for reasons expressly given under § 1692(b) without the prior consent of the consumer.

34.     Defendants violated § 1692c(b) of the FDCPA when they discussed Plaintiff's debt with her friends and relatives without Plaintiff's consent.

**COUNT III**
**DEFENDANTS VIOLATED § 1692d OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

35.     Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

36.     Defendants violated § 1692d of the FDCPA when they called Plaintiff repeatedly and continuously, when they discussed Plaintiff's debt third parties, when they falsely stated that Plaintiff committed a crime, when they misrepresented that they would seize the business for which Plaintiff is employed, and when they engaged in other harassing or abusive conduct.

**COUNT IV**
**DEFENDANTS VIOLATED § 1692d(5) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

37.     Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

PLAINTIFF'S COMPLAINT

38.     Defendants violated § 1692d(5) of the FDCPA when they caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

## COUNT V
### DEFENDANTS VIOLATED § 1692e OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

39.     Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive or misleading representation or means in connection with the collection of any debt.

40.     Defendants violated § 1692e of the FDCPA, when it threatened that they would seize the business for which Plaintiff is employed, when they falsely implied that Plaintiff committed a crime, and when they made other false, deceptive or misleading representations.

## COUNT VI
### DEFENDANTS VIOLATED § 1692e(4) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

41.     Section 1692e(4) of the FDCPA prohibits debt collectors from threatening to attach property unless it has the legal means and/or intent to do so.

42.     Defendants violated § 1692e(4) of the FDCPA when they misrepresented that it would seize the business for which Plaintiff is employed when they lacked the capacity to do so, as Plaintiff has no ownership in this business.

## COUNT VII
### DEFENDANTS VIOLATED § 1692e(5) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

43.     Section 1692e(5) of the FDCPA prohibits debt collectors from misrepresenting that they will take legal action when they lack intent or ability to do so.

44.     Defendants violated § 1692e(5) of the FDCPA when they misrepresented that it would seize the business for which Plaintiff is employed when they lacked the capacity to do so, as Plaintiff has no ownership in this business.


**COUNT VIII**
**DEFENDANTS VIOLATED § 1692e(7) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

45.     Section 1692e(7) of the FDCPA prohibits debt collectors from misrepresenting that a consumer committed a crime.

46.     Defendants violated § 1692e(7) of the FDCPA when they misrepresented that Plaintiff committed a crime.


**COUNT IX**
**DEFENDANTS VIOLATED § 1692e(10) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

47.     Section 1692e(10) of the FDCPA prohibits debt collectors from using false representations or deceptive means to collect a debt or to obtain information from a consumer.

48.     Defendants violated § 1692e(10) of the FDCPA when they threatened legal action that they lacked capacity and intent to take, when they misrepresented that Plaintiff committed a crime, and when they made other false, deceptive or misleading representations.


**COUNT X**
**DEFENDANTS VIOLATED § 1692e(11) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

49.     Section 1692e(11) requires that debt collectors disclose to consumer that the communication is from a debt collector.

PLAINTIFF'S COMPLAINT

1

2

50.     Defendants violated § 1692e(11) of the FDCPA when they failed to disclose that communications were from a debt collector.

3

4

5

**COUNT XI**
**DEFENDANTS VIOLATED § 1692f OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

6

7

51.     Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect an alleged debt.

8

9

52.     Defendants violated § 1692f of the FDCPA when it called Plaintiff repeatedly and

10

continuously, when it discussed Plaintiff's debt with friends and relatives, when they falsely

11

stated that Defendant would seize the business for which Plaintiff is employed, when they

12

implied or alleged that Plaintiff committed a crime and when they engaged in other unfair

13

conduct.

14

15

**COUNT XII**
**DEFENDANTS VIOLATED § 14-202 OF THE**
**MARYLAND CONSUMER DEBT COLLECTION ACT**

16

17

53.     Section 14-202 of the Maryland Consumer Debt Collection Act prohibits debt

18

collectors from using unfair or unconscionable means to collect or attempt to collect an alleged

19

debt.

20

54.     Defendants violated § 14-202 of the Maryland Consumer Debt Collection Act

21

when they threatened criminal prosecution when Plaintiff violated no criminal law, when they

22

disclosed Plaintiff's alleged debt to third parties that did not have a legitimate business interest in

23

the alleged debt, communicated with Plaintiff with frequency and manner that can reasonably be

24

expected to harass Plaintiff, threatened to enforce a right that does not exist, and when they

25

otherwise violated the Maryland Consumer Debt Collection Act.

PLAINTIFF'S COMPLAINT

**COUNT XIII**
**DEFENDANTS INVADED PLAINTIFF'S PRIVACY BY**
**INTRUSION UPON SECLUSION**

55.     Maryland recognizes a tort for Invasion of Privacy by Intrusion Upon Seclusion.

56.     In Maryland the elements of the tort are: 1) an intentional intrusion; 2) upon another person's solitude, seclusion, private affairs, or concerns; 2) in a manner that would be highly offensive to a reasonable person. Trundle v. Homeside Lending, Inc., 162 F.Supp.2d 396, 401 (D. MD. 2001).

57.     Defendants intentionally intruded upon the seclusion of Plaintiff when its agents and/or employees called multiple times per day and falsely threatened Plaintiff with criminal penalties.

58.     Additionally, Defendants intentionally intruded upon the seclusion of Plaintiff when it called Plaintiff's relatives and friends disclosing highly personal financial information.

59.     These actions were highly offensive to Plaintiffs, as it would be any reasonable person.

60.     These acts were committed with malice, intent, wantonness and recklessness, affording Plaintiff the remedy of actual and punitive damages.


**COUNT XIV**
**DEFENDANTS INVADED PLAINTIFF'S PRIVACY BY**
**PUBLICLY DISCLOSING PRIVATE FACTS**

61.      Maryland recognizes a tort for Invasion of Privacy by the Public Disclosure of Private Facts.

62.      Maryland has adopted the standard set forth in the Restatement (Second) of Torts § 652S.  The elements for invasion of privacy by public disclosure of private facts are as

follows: (1) the matter is publicized; (2) would be highly offensive to a reasonable person, and (3) Is not of legitimate concern to the public.  See  Klipa v. Bd. of Educ. of Anne Arundel County, 460 A.2d 601, 607 (Md. Spec. App. 1983).

63.    Defendants publicized private information to third parties, which were of no legitimate concern to such parties.

64.    Defendants' disclosure of Plaintiff's alleged financial obligations to third parties was highly offensive and objectionable to Plaintiff, as it would be any reasonable person.

65.    These acts were committed with malice, intent, wantonness and recklessness, affording Plaintiffs the remedy of actual and punitive damages.

## COUNT XV
## DEFENDANTS ARE LIABLE TO PLAINTIFF FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

66.    Maryland recognizes a tort for intentional infliction of emotional distress.

67.    The elements for this tort are as follows: (1) The conduct must be intentional or reckless; (2) [t]he conduct must be extreme and outrageous; (3) [t]here must be a causal connection between the wrongful conduct and the emotional distress; and (4) [t]he emotional distress must be severe." Carter v. Aramark Sports and Entm't Serv's, Inc., 153 Md.App. 210, 245, 835 A.2d 262 (2003; Mitchell v. Baltimore Sun Co., 883 A.2d 1008, 1024 (Md. Spec. App. 2005).

68.    Defendants exhibited extreme and outrageous conduct for a debt collector, when contacting third parties and stating that Plaintiff has committed a crime by failing to pay a debt.

69.    Additionally, it is apparent that Defendants intended to cause emotional distress when it informed Plaintiff that the humiliating calls to third parties would continue until Plaintiff

paid the allege debt.

70.     Plaintiff has suffered emotionally from Defendants' conduct.

71.     Plaintiff's emotional distress suffering was the actual and proximate result of Defendants' extreme and outrageous debt collection conduct.

72.     This act was committed with malice, intent, wantonness and recklessness, affording Plaintiffs the remedy of actual and punitive damages.


WHEREFORE, Plaintiff, GIOVANNA FUMORALA, respectfully prays for a judgment as follows:

      a.     All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1), MD Code § 14-203, and Maryland common law;

      b.     Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

      c.     Punitive Damages for Defendant's invasion of Plaintiff's privacy;

      d.     Reasonable attorney's fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

      e.     Any other relief deemed appropriate by this Honorable Court.


## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, GIOVANNA FUMORALA demands a jury trial in this case.


RESPECTFULLY SUBMITTED,

PLAINTIFF'S COMPLAINT

DATED: 7/31/2012

By: /s/ Amy L. Bennecoff
    Amy L. Bennecoff
    Kimmel & Silverman, P.C
    Bar ID No. 29950
    30 East Butler Pike
    Ambler, PA 19002
    Telephone: (215) 540-8888
    Facsimile (215) 540-8817
    Email: abennecoff@creditlaw.com
    Attorney for Plaintiff

PLAINTIFF'S COMPLAINT